IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERESA DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-601-RAH-SMD |
| | ) | |
| FRANKIE KNIGHT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Pro se plaintiff Teresa Dixon ("Dixon") has filed an amended EEOC complaint against Frankie Knight ("Knight") and Tonia Stephen ("Stephen") (collectively, "Defendants") alleging employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, and possibly a claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a). Am. Compl. (Doc. 4). Defendants move to dismiss Dixon's amended complaint for lack of subject matter jurisdiction and as an impermissible shotgun pleading. Mot. (Doc. 10). As explained below, Dixon's amended complaint is a shotgun pleading. Therefore, to the extent Defendants' motion seeks dismissal of the complaint as a shotgun pleading, the motion should be granted and Dixon afforded an opportunity to amend.

## I.    LEGAL STANDARDS

### A.  Federal Pleading Standards

The Federal Rules of Civil Procedure require a pleading to contain a "short and plain statement of the claim" showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2).

In determining whether a plaintiff has stated a claim, a court is not required to accept as true "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts[.]" *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *see also Ascroft v. Iqbal*, 556 U.S. 662 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

Complaints that violate Rule 8(a)(2) are often disparagingly referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings include complaints that: (1) contain "multiple counts where each count adopts the allegations of all preceding counts," (2) are "replete with conclusory, vague, and immaterial facts[,]" (3) commit the sin of "not separating into a different count each cause of action or claim for relief," and (4) assert "multiple claims against multiple defendants without identifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321-23. Regardless of their form, the "unifying characteristic" of shotgun pleadings is that they fail "to give defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

The Eleventh Circuit has repeatedly and unequivocally condemned shotgun pleadings as a waste of judicial resources. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018). When faced with a shotgun pleading, a court should dismiss the complaint and instruct the plaintiff to file a complaint that satisfies the federal pleading

standards. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### B. Pro Se Litigants

Federal courts must "show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics omitted). A document filed pro se is "to be liberally construed," and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). However, the leniency shown to pro se plaintiffs "does not give a court license to serve as *de facto* counsel . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc.*, 132 F.3d at 1369. Thus, a court is not required to accept a shotgun pleading even if it is filed by a pro se litigant. *See, e.g., Arrington*, 757 F. App'x at 798 (finding that the district court did not abuse its discretion by dismissing the pro se plaintiff's amended complaint on shotgun pleading grounds after he did not correct the deficiencies previously identified by the court); *Mainardi v. Unite Here Local 355*, 2023 WL 7929062, at *2 (S.D. Fla. Nov. 9, 2023) ("Importantly, the liberal construction afforded to pro se filings does not authorize pro se litigants to file impermissible 'shotgun' pleadings.").

## II.    ANALYSIS

Dixon's amended complaint is a shotgun pleading because it is replete with conclusory and conflicting allegations that fail to place Defendants on notice of the claims against them. For example, Dixon claims: "Mr. Frankie Knight and Ms. Tonia Stephens

refused to promote me because of my illness (Breast cancer, kidney and knee problems) The position was a supervisor for security guard." *Id.* This assertion is a conclusory statement that is unaccompanied by any factual support and Dixon does not otherwise indicate how her lack of promotion violates Title VII. Dixon also states: "On 7/16/25 I asked Mr. Frankie Knight can I go home and he said no. Mr. Knight violated the FMLA Law." Am. Compl. (Doc. 4) p. 2. This is a legal conclusion, not a well-pleaded fact, and Dixon does not otherwise include any information to support a claim under the FMLA. Additionally, Dixon indicates that the acts complained of in this suit concern "termination of [her] employment" but also claims to be "presently employed by the defendant." *Id.* at 1-2. Dixon's vague and conclusory allegations place her complaint squarely within the second category of shotgun pleadings and prevents Defendants—and this Court—from understanding "the grounds upon which each claim rests."

Further, as for Dixon's Title VII claim, she does not allege that she exhausted her administrative remedies prior to filing suit. Under Title VII, an employee must file an administrative charge of discrimination with the EEOC as a prerequisite to a private civil action. 42 U.S.C. § 2000e-5. Dixon does not allege that she filed a complaint with the EEOC or that she was issued a right-to-sue letter prior to filing this suit, nor does she attach any documentation indicating such. In fact, the only paragraph in the form complaint that Dixon left unanswered is the paragraph pertaining to the date of her EEOC charges and receipt of a right-to-sue letter. Am. Compl. (Doc. 4) p. 4. Thus, the undersigned is unable to determine if Dixon has exhausted her administrative remedies or if she has timely filed this lawsuit. If she has not, this Court lacks subject matter jurisdiction over the dispute.

For these reasons, the undersigned finds that Dixon's amended complaint (Doc. 4) is a shotgun pleading that does not meet the minimum federal pleading standards. As such, to the extent Defendants move to dismiss the amended complaint as a shotgun pleading, their motion should be granted.

## III.    OPPORTUNITY TO AMEND

Generally, the Eleventh Circuit requires that a pro se plaintiff be afforded at least one opportunity to amend a complaint, so long as amendment is not futile and the plaintiff does not clearly indicate a lack of desire to amend. *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). Here, because Dixon's amended complaint is a shotgun pleading, the undersigned is unable to determine at this time whether amendment is futile. Therefore, the undersigned will afford Dixon the opportunity to file a second amended complaint to address the amended complaint's pleading and substantive deficiencies should she wish to proceed with this lawsuit.

## IV.    CONCLUSION

As explained above, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that Defendants' Motion to Dismiss (Doc. 10) be GRANTED to the extent it seeks dismissal of Dixon's amended complaint as a shotgun pleading. The undersigned further RECOMMENDS that, should the District Judge adopt this recommendation, that Dixon be afforded an opportunity to file an amended complaint within fourteen (14) days of the District Judge's order. If Dixon is afforded an opportunity to amend, she is advised that her

second amended complaint must comply with Rules 8, 10, and 11 of the Federal Rules of

Civil Procedure and the following requirements:

(1) The second amended complaint shall contain a section that clearly **identifies the parties in this suit**.

(2) The second amended complaint shall contain a **jurisdictional section** wherein Dixon sets forth the specific federal cause(s) of action under which she brings her claims or alleges sufficient facts to support diversity jurisdiction.

(3) The second amended complaint shall contain a **section of facts** set forth in numbered paragraphs, each limited as far as practicable to a specific set of circumstances. Allegations of fact must show that Dixon is entitled to relief and must be stated in a clear, concise, and direct manner. They may not include legal argument, legal standards, or legal conclusions. Dixon shall provide the **specific dates**, as far as practicable, on which the factual allegations occurred. Dixon shall not attach documents to the second amended complaint without tying their relevance to a factual allegation.

(4) The second amended complaint shall contain a **cause of action section**, wherein Dixon shall set forth the individual cause(s) of action she asserts against Defendants. Within each cause of action, Dixon shall identify the statute under which the claim is brought. And for each cause of action alleged, Dixon must set forth the factual allegations about Defendants' conduct supporting that specific cause of action. Dixon should not incorporate by reference previous paragraphs within the complaint.

(5) The second amended complaint shall contain a **section stating the relief that Dixon seeks** against Defendants.

(6) Dixon shall attach the right-to-sue letter she received from the EEOC to her second amended complaint.

(7) Dixon is encouraged to consult the section of the Court's website entitled "Representing Yourself": https://www.almd.uscourts.gov/representing-yourself.

**Dixon is warned that her second amended complaint, should she file one, will take the place of her amended complaint and that the Court will consider only the second amended complaint in determining whether it satisfies 28 U.S.C. §**

**1915(e)(2)(B).**[1] **Dixon is therefore advised that the Court will not consider any allegations or documents contained within her amended complaint (Doc. 4).**

**Dixon is further warned that her failure to comply with this order in its entirety will result in a recommendation that this case be dismissed for failure to prosecute this action and/or for failure to abide by orders of the Court.**

Finally, it is

ORDERED that the parties shall file any objections to this Recommendation on or before November 13, 2025.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

---

[1] *See Dresdner Bank G v. M/V Olympia Voyager,* 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.").

DONE this 30th day of October, 2025.


Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE